IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JEROME EDWARD WASHINGTON                                                                PLAINTIFF

v.                                         Civil No.      4:22-cv-04040

KEEGAN DAIGLE; KEITH MOORE; RON
STOVALL; DANIEL HINES; JEFFIE                                                           DEFENDANTS
WALKER; MS. MILLER; MR. ADAMS;
MS. LISA; MR. KING; and JOHN AND
JANE DOE

**REPORT AND RECOMMENDATION**

Plaintiff, Jerome Edward Washington, currently an inmate of the Arkansas Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

I.      BACKGROUND

Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") on May 10, 2022. (ECF Nos. 1, 2). The Court granted Plaintiff's IFP Motion on the same date. (ECF No. 3). Plaintiff spontaneously filed a First Amended Complaint on

1

May 18, 2022.  (ECF No. 6).  The Court then ordered Plaintiff to file a Second Amended Complaint (ECF No. 7) which he did on June 13, 2022 (ECF No. 8).  The Second Amended Complaint was not signed and the Court directed Plaintiff to submit a signed version of the Second Amended Complaint on June 14, 2022.  (ECF No. 9).  Plaintiff did so on July 18, 2022.  (ECF No. 9).  On July 19, 2022, the Court issued service on Keith Moore, the one Defendant named in Plaintiff's signed Second Amended Complaint.  (ECF No. 12).  On February 13, 2023, Plaintiff spontaneously filed his Third Amended Complaint.  (ECF No. 30).  The Court accepted the Amended Complaint on March 10, 2023.  (ECF No. 34).

In his Third Amended Complaint, Plaintiff alleges Defendant Keegan Daigle, a fellow inmate, assaulted him three different times within one hour while he was incarcerated in the Miller County Detention Center ("MCDC") on March 24, 2022.  (ECF No. 30).  This assault resulted in personal injury to Plaintiff's face and collar bone, and emotional damages through fear of sleeping in open barracks.  Plaintiff asserts his claims against Inmate Daigle in his individual capacity only.  *Id.*

Plaintiff goes on to make specific allegations against each named Defendant related to this assault by Inmate Daigle.  First, Plaintiff claims Keith Moore, a corporal at MCDC, violated his constitutional rights by failing to protect him from Inmate Daigle, endangering his life and liberty, failing to provide him with access to medical care, showing him deliberate indifference, and negligence.  (ECF No. 30, p. 7).  Plaintiff alleges his claims against Defendant Moore in both his individual and official capacities, specifically stating:

> After being assaulted three (3) times by inmate Keegan Dailge in Max-B pod of Miller County jail, [Corporal] Moore seen the physical signs of the assaults and stated to me, "Man that's fucked up; come on let's go check your blood sugar level."  Which after we checked my blood sugar level [Corporal] Moore returned me to Max -B pod where the assaults took place.  Which these assaults resulted in the following physical injuries 1) my

2

> right eye socket (orbital) being crushed, 2) my right collar bone being cracked, and 3) my left eye socket (orbital) being fractured also. Then there is the emotional injuries of the assaults, which is 1) fear of living in an open barracks, 2) trust of unknown people, and 3) stress of possible other assaults in the future.

(ECF No. 30, pp. 8-9) (errors in original).

Plaintiff then alleges Ron Stovall, whom he describes as the Sheriff of Miller County, also violated his constitutional rights by failing to protect him, improperly training the staff at the MCDC, endangering Plaintiff's life and liberty, improperly staffing the MCDC, exhibiting deliberate indifference and negligence towards Plaintiff, and causing physical injury and emotional distress to Plaintiff. (ECF No. 30, p 9). Plaintiff makes these claims against Ron Stovall in both his individual and official capacities, specifically stating:

> Sheriff Stovall failed to properly train the officers of the county jail to respond to an assault in progress. He also failed to make sure that the jail was properly staffed as there was only (4) four officers staffing the jail that [houses] about (325) three hundred and twenty-five male inmates at the time of the three (3) assaults by inmate Daigle. Through his failure to train Corporal Moore was lead to believe it was allowed to place me back into the same pod the assaults took place in with the inmate who assaulted me, after he seen the signs of the assault.

(ECF No. 30, pp. 9-11) (errors in original).

Plaintiff next claims Daniel Hines, a corporal at the MCDC, was deliberately indifferent to him and committed negligent acts towards him. (ECF No. 30, p. 11). Plaintiff sues Defendant Hines in his official and individual capacities, specifically stating:

> … the fact that [Defendant Hines] failed to contact any of the higer ranking officials of Miller County jail such as Sheriff Stovall, Captain Adams, or Lieutenant Miller to find out what the proper step should have been taken. Such as changing of housing and the proper treatment of the inmate who was the victim of the assault. Which should have been done when [Defendant Hines] was informed of the situation by [Defendant Moore], therefore this lead to his act of deliberate indifference. As [Defendant Hines] failed to make sure I had received proper medical treatment when [Defendant Moore] told him of the damage to my face this lead to acts of negligence on his part. As both [Defendant Hines] and [Defendant Moore] reviewed the camera's after they seen the damage to my face and placing me into an Isolation cell over night instead of providing medical treatment that

3

> night is another act of negligence on their part. As they waited until the next morning at blood sugar and blood pressure checks before I was given access to Medical. Which is when Nurse Lisa notice my face and contacted the Director of Nursing Mr. King to get approval for my transport to the hospital.

(ECF No. 30, pp. 12-13) (errors in original).

Plaintiff then claims Jeffie Walker, jail administrator and warden, failed to protect him, endangered his life and liberty, was negligent, improperly trained staff at the MCDC, and improperly staffed the MCDC. (ECF No. 30, p. 14). Plaintiff asserts these claims against Defendant Walker in both his individual and official capacities, specifically alleging:

> Through the Jail Administrator Warden's failure to properly train the officers of the jail to respond to inmate on inmate assaults, and properly staff the jail for the number of inmates that is house in the county jail as there is only about (4) four officers, to control about (325) three hundred and twenty- five male inmates in the county jail; the Jail Administrator-Warden negliected (sic) their duties. Because of this negleict (sic) it lead to the failure to protect me from the three (3) assaults by inmate Daigle, which placed my life and liberty endanger. Also through the improper training; I was not provided proper access to medical treatment after the assaults.

(ECF No. 30, pp. 15-16) (errors in original).

Next, Plaintiff claims John or Jane Doe in the control center of the MCDC during the incident were deliberately indifferent, negligent, and endangered his life and liberty causing him physical injuries and emotional distress. (ECF No. 30, 16). Plaintiff alleges both individual and official capacity claims against John or Jane Doe, specifically stating:

> Due to this officer in the control center, where the cameras are to be monitored not preforming his/her duties in monitering the camera's I was assaulted (3) three times within about an hour by inmate Daigle. This Officer showed a deliberate indifference to the protection of the inmates under his/her control in the jail. Which lead to a very clear form of negligence on his/her part; in the fact that he/she did not report the assaults to the officer in the Max section of the jail, who was Corpral Moore as they were happening. So that he could respond to the assaults and stop them. Which through these actions or lack thereof lead to both physical and emotional injuries.

(ECF No. 30, pp. 17-18) (errors in original).

4

Plaintiff then claims Ms. Miller, a Lieutenant, failed to protect him, improperly trained her subordinates, endangered his life or liberty, and was negligent. Plaintiff also alleges Ms. Miller improperly staffed the MCDC. (ECF No. 30, p. 19). Plaintiff asserts his claims against Ms. Miller in her individual and official capacities and specifically states:

> Through her failure to make sure that the officers under her supervision was properly trained, and through her lack of properly staffing the county jail. As there was only (4) four officers to over se about (325) three hundred and twenty-five male inmates in the jail. This is clear form of negliect on the Lieutenant's part as a supervisor. Which lead to the failure to protect me from being assaulted three (3) times within about an hour by inmate Daigle, due to the lack of staffing to control the jail. Therefore, her actions or lack thereof lead to the endangering of my life or liberty.

(ECF No. 30, pp. 19 – 20) (errors in original).

Plaintiff next claims Mr. Adam, a captain, violated his constitutional rights by failing to protect him, improperly training, improperly staffing the MCDC, endangering Plaintiff's life and liberty, and through negligence. (ECF No. 30, p. 21). Plaintiff asserts his claims against Mr. Adam in both his individual and official capacities, specifically stating:

> Through his failure to properly train the staff of the jail and by not making sure that the jail was properly staffed to oversee the total number of inmates that they housed in the county jail. This is a clear form of negliect on the part of Captain Adam as his actions or lack thereof failed to provide proper protection from being assaulted. Therefore, Captain Adam endangered my life and liberty through his failure to protect me, by not properly training the jail staff and having enough staff on hand at the jail.

(ECF No. 30, pp. 21-22).

Next Plaintiff claims, Ms. Lisa, a nurse at MCDC, violated his constitutional rights by failing to provide him timely medical treatment. (ECF No. 23). Plaintiff alleges this claim against Ms. Lisa in both her individual and official capacities, specifically stating:

> Through the fact that the medical department allowed large groups of the inmates to be run at the same time for their blood sugar and blood pressure checks. Which by allowing this it prevents the Nurse's from focusing on each inmate, and provide proper individual care. Which had Nurse Lisa made sure not to allow the large group, she would have been able

5

to see the sever injuries to my face and could have provided timely medical attention at the P.M. Blood sugar and blood pressure checks instead of several ours later at the A.M. Blood sugar and Blood pressure checks.

(ECF No. 30, pp. 23-24).

Finally, Plaintiff claims Mr. King, the director of nursing at the MCDC, violated his constitutional rights by failing to train his staff to provide individual care and timely treatment. (ECF No. 30, p. 25). Plaintiff alleges these claims against Nurse King in his individual and official capacities, specifically stating:

> Through Mr. King's failure to properly train the Nursing staff at Miller County Jail to take the time to provide each inmate with individual care. Instead he allowed the custom of running large groups of inmates at the Blood Sugar and Blood pressure checks, which prevented the Nursing staff from providing individual care to each inmate. Through the lack of individual care the obvious injuries to my face went unknown to the medical staff. Therefore, I was allowed to suffer in pain over night, with a clear danger to my health.

(ECF No. 30, pp. 26-27) (errors in original).

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

As an initial matter, the Court notes that Keith Moore was previously served with Plaintiff's Second Amended Complaint, answered the Second Amended Complaint, and also answered Plaintiff's Third Amended Complaint without objection. (ECF Nos. 18, 20, 27, 32). Additionally, the medical defendants, Ms. Lisa and Mr. King, have waived service of the Third Amended Complaint by filing an Answer to Plaintiff's Third Amended Complaint on March 15, 2023. (ECF No. 35).

Plaintiff's claims shall be dismissed for failure to state a claim if it appears beyond a doubt the Plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001). The facts set forth in Plaintiff's Third Amended Complaint, for all claims against Inmate Daigle, do not support any plausible cause of action for relief under 42 U.S.C. § 1983. To state a claim under Section 1983, the Plaintiff must allege his constitutional rights were violated and show the defendant acted under color of state law in perpetrating the alleged violation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (private actors can only be liable under Section 1983 if "they are willing participants in a joint action with public servants acting under color of state law.") (internal citations omitted). Plaintiff has made no assertion that Inmate Daigle was working in concert with Miller County officials

when he assaulted Plaintiff.  Accordingly, there is no support for any contention that Inmate Daigle was acting under color of state law, and Plaintiff's claims against him should be dismissed.

Next, Plaintiff has made individual and official capacity claims against Ron Stovall as Sheriff of Miller County.   The Court takes judicial notice of the fact Ron Stovall has not been the Sheriff of Miller County since 2016.   The current Sheriff of Miller County is Wayne Easley, and the Sheriff in May 2022, at the time of this incident, was Jackie Runion.  Accordingly, Wayne Easley is automatically substituted as the defendant in this matter for Plaintiff's official capacity claims asserted against Ron Stovall, and thus Miller County.  Fed. R. Civ. P. 25(d) (the successor of a public officer who dies, resigns, or otherwise ceases to hold office while an action is pending is automatically substituted as a party).  Furthermore, the Eighth Circuit has explained local governments cannot be held liable under Section 1983 under a theory of *respondeat superior*.  See *Parrish v Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (internal quotations omitted).  However, local governments may be liable under Section 1983 for inadequately training its employees.  *Id*. Accordingly, Plaintiff's official capacity claims against Wayne Easley, Sherriff of Miller County should proceed.

However, all individual claims against Ron Stovall should be dismissed as Plaintiff cannot state a claim against Ron Stovall individually.  Plaintiff clearly named an incorrect defendant when he listed Ron Stovall in his Third Amended Complaint as Ron Stovall was not the Sheriff of Miller County at the time in issue.  "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976).  As Ron Stovall was no longer the Sheriff he had no authority or responsiblity to train the employees of the MCDC, staff the MCDC, or otherwise protect inmates at the MCDC in May 2022.  Accordingly, I recommend all

claims against Ron Stovall in his individual capacity be dismissed.

The Court finds Plaintiff has alleged enough facts regarding his individual and official capacity claims against all other named Defendants to state plausible claims. *See Bell*, 550 U.S. at 570. Accordingly, the Court will order service on Wayne Easley in his official capacity only, Daniel Hines, Jeffie Walker, Ms. Miller, Mr. Adam.[1]

### IV. CONCLUSION

For these reasons, it is recommended that:

(1) Plaintiff's Claims against Keegan Daigle be dismissed for failure to state a claim under 28 U.S.C. § 1915A(b)(1);

(2) Keegan Daigle be dismissed with prejudice from this matter;

(3) Plaintiff's individual capacity claims against Ron Stovall be dismissed for failure to state a claim under 28 U.S.C. § 1915A(b)(1);

(4) Ron Stovall be dismissed with prejudice from this matter;

(5) All other claims against Wayne Easley (as substituted for Ron Stovall) in his official capacity only, Daniel Hines, Jeffie Walker, Ms. Miller, Mr. Adam, Ms. Lisa, and Mr. King proceed.

---

1 As previously stated, Keith Moore has already received service and Ms. Lisa and Mr. King have waived service by filing an Answer in this matter.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of March 2023.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE