IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JEROME EDWARD WASHINGTON                                                    PLAINTIFF

v.                              Civil No.   4:22-cv-04040-SOH-BAB

CORPORAL DANIEL HINES; KEITH
MOORE; WARDEN JEFFIE WALKER;
JOHN OR JANE DOE; MS. MILLER; MR.                                          DEFENDANTS
ADAM; MS. LISA; MR. KING; and
WAYNE EASLEY

## REPORT AND RECOMMENDATION

This is a civil rights action filed *pro se* by Plaintiff, Jerome Edward Washington, under 42 U.S.C. § 1983. Before the Court is a Joint Motion for Summary Judgment on the limited issue of exhaustion filed by all Defendants. (ECF No. 45). Plaintiff filed a Response, (ECF No. 52), and Defendants replied, (ECF No. 54). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

## I.  BACKROUND

Plaintiff is currently incarcerated in the Arkansas Department of Corrections, North Central Unit. His claims in this action arise from his incarceration at the Miller County Detention Center ("MCDC") in 2022. Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") on May 10, 2022. (ECF Nos. 1, 2). The Court granted Plaintiff's IFP Motion on the same date. (ECF No. 3). Plaintiff filed multiple amended complaints, some spontaneously and some court-ordered. Plaintiff's final amendment and the complaint at issue here is his Third Amended Complaint. (ECF No. 30). The Court accepted the Third Amended

1

Complaint on March 10, 2023, but directed the Clerk to accept no further amendments without Court approval. (ECF No. 34). The Court then screened Plaintiff's Third Amended Complaint pursuant to 28 U.S.C. § 1915A(a). In the Screening Order, it was determined some Defendants and claims would be dismissed and the below enumerated claims and Defendants would proceed for service. (ECF No. 44).[1]

### A. Plaintiff's Third Amended Complaint

In his Third Amended Complaint, Plaintiff alleges Keegan Daigle, a fellow inmate, assaulted him three different times. These assaults occurred within one hour while Plaintiff was incarcerated in the Miller County Detention Center ("MCDC") on March 24, 2022. (ECF No. 30). Plaintiff's right eye socket was crushed, his left eye socket and right collar bone fractured, and his mental health damaged through fear of sleeping in open barracks. *Id.* at 8.

Plaintiff goes on to make specific allegations against each named Defendant.[2] All of Plaintiff's specific claims relate to, and rely on, the facts surrounding Plaintiff's assault by Inmate Daigle. First, Plaintiff claims Keith Moore, a corporal at MCDC, violated his constitutional rights by failing to protect him from Inmate Daigle, endangering his life and liberty, failing to provide him with access to medical care, showing him deliberate indifference, and negligence. (ECF No. 30, p. 7).

Plaintiff then alleges Wayne Easley,[3] in his official capacity only, violated his constitutional rights by failing to protect him, improperly training the staff at the MCDC,

---

[1] The Court dismissed Inmate Daigle and Ron Stovall on preservice screening.
[2] Plaintiff alleges individual and official capacity claims against all Defendants except Defendant Wayne Easley, Sheriff of Miller County.
[3] Plaintiff alleges Ron Stovall as Sheriff of Miller County violated his constitutional rights in his individual and official capacities. The Court dismissed Ron Stovall and all individual capacity claims against him in the Screening Order and substituted Wayne Easley the current

endangering Plaintiff's life and liberty, improperly staffing the MCDC, exhibiting deliberate indifference and negligence towards Plaintiff, and causing physical injury and emotional distress to Plaintiff. (ECF No. 30, p 9).

Third, Plaintiff claims Daniel Hines, a corporal at the MCDC, was deliberately indifferent to him and committed negligent acts towards him. (ECF No. 30, p. 11).

Plaintiff then claims Jeffie Walker, jail administrator and warden, failed to protect him, endangered his life and liberty, was negligent, improperly trained staff at the MCDC, and improperly staffed the MCDC. (ECF No. 30, p. 13).

Next, Plaintiff claims John or Jane Doe—the officers in the control center of the MCDC during the incident—were deliberately indifferent, negligent, and endangered his life and liberty causing him physical injuries and emotional distress. (ECF No. 30, p. 16).

Plaintiff's sixth Claim is that Ms. Miller, a Lieutenant, failed to protect him, improperly trained her subordinates, endangered his life or liberty, and was negligent. Plaintiff also alleges Ms. Miller improperly staffed the MCDC. (ECF No. 30, p. 19).

Plaintiff next claims Mr. Adam, a captain, violated his constitutional rights by failing to protect him, improperly training, improperly staffing the MCDC, endangering Plaintiff's life and liberty, and through negligence. (ECF No. 30, p. 21).

Eighth, Plaintiff claims Ms. Lisa, a nurse at MCDC, violated his constitutional rights by failing to provide him with timely medical treatment. (ECF No. 30, p. 23).

---

Sheriff of Miller County for Plaintiff's official capacity claims. (ECF No. 38, p. 8). Accordingly, the Court substitutes Wayne Easley herein for any claims made against Ron Stovall in his official capacity as Sheriff of Miller County.

For his ninth and final set of claims, Plaintiff claims Mr. King, the director of nursing at the MCDC, violated his constitutional rights by failing to train his staff to provide individual care and timely treatment. (ECF No. 30, p. 25).

As an additional matter, in his Third Amended Complaint, Plaintiff notes he did not submit the facts alleged in his Third Amended Complaint through the MCDC grievance procedure. (ECF No. 30, p. 3). In explanation of this failure, Plaintiff states:

> I was placed in a Book-in cell after I had corrective surgery and I was then placed in an Isolation cell to prevent me having access to the inmate grievance system on the kiosk.

(ECF No. 30, p. 4) (errors in original).

## B. Defendants' Joint Motion for Summary Judgment on Exhaustion

Defendants filed their Joint Motion for Summary Judgment for Failure to Exhaust Administrative Remedies on June 5, 2023. (ECF No. 45). Defendants accompanied this Motion with Exhibits, a Brief in Support, and a Statement of Undisputed Facts. (ECF Nos. 46, 47). In these documents, the Defendants argue Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Specifically, Defendants present all grievances and complaints filed by Plaintiff between September 9, 2021 and May 10, 2022.[4] Defendants argue none of these grievances or complaints address the facts contained in Plaintiff's Third Amended Complaint. Thus, he has failed to exhaust his administrative remedies pursuant to the PLRA. (ECF No. 45, p. 4).

Defendants also deny Plaintiff's allegation he had no access to file complaints and grievance due to his housing placement in an isolation cell. Defendants submitted two

---

[4] The incident at issue (the assault) occurred on March 24, 2022 and Plaintiff filed this suit on May 10, 2022. Accordingly, any grievances or complaints filed outside of this time period are irrelevant to the Court's considerations on exhaustion here.

4

requests/grievances filed while Plaintiff was housed in isolation in support of this denial. (ECF No. 47-3, pp. 8-9). Additionally, Defendants submitted an affidavit of non-party Al Landreth, the jail administrator at the time in issue, stating Plaintiff had access to the KIOSK to file complaints and grievances during his time housed in the isolation cell. (ECF No. 47-1, p. 2).

### C. Plaintiff's Response

In his Response to Defendants' Joint Motion for Summary Judgment, Plaintiff does not contest the fact he failed to file complaints or grievances related to claims in his Third Amended Complaint. (ECF No. 52, pp. 2-3). Plaintiff concedes he failed to exhaust his administrative remedies, and he also concedes he had access to the KIOSK for one hour each day while housed in isolation. *Id.* However, Plaintiff asserts his failure to file complaints and grievances on the particular facts of his Third Amended Complaint was due to actions by officers at the MCDC. Plaintiff alleged specific facts regarding this interference and threats and coercion by MCDC officer. [5] (ECF Nos. 52-53). Both the Response and Statement of Disputed Facts were signed documents, but they were not sworn or attested to under penalty of perjury by Plaintiff.

---

[5] Specifically, in his Response, Plaintiff argues the MCDC officers used "threats of denial of food and medical services and coercion through offers of "free-world food being brought into him." (ECF No. 52, p. 3). Next, Plaintiff asserts he attempted to file complaints through the KIOSK but was "interfered with by the officers of Miller County." Plaintiff goes on to allege the officers of Miller County "used coercion and threats to prevent the Plaintiff from filing any grievances on the matter of the assault and their failure to protect." (ECF No. 52, pp. 2-3). Specifically, "the officer's at Miller County used threats of denial of food and medical services and with coercion through offers of free-world food being brought into him . . . the officers only allowing him one hour out of his cell while in the Book-in area, and isolation the officer had complet[e] control over his action and availability to the grievance process." *Id*. at 3 (errors in original). Plaintiff goes on to explain: "as the officer's who allowed [Plaintiff] his one hour out of this cell made sure to reinforce the threats and/or coercion to [Plaintiff] through reminders that they had full control over his access to food and medical services. As they knew that he was a diabetic, therefore, [Plaintiff] feared for his safety." (ECF No. 52, p. 6) (errors in original). The officers also watched Plaintiff as he filed the two requests/complaints he did file while in isolation. *Id*. at pp. 6-7. Finally, Plaintiff claims the "threats and coercion through the use of food, medical,

### D. Defendants' Joint Reply

In their Reply, Defendants argue Plaintiff has not presented any evidence, other than self-serving allegations, to support his allegations he was prevented access to the MCDC's grievance procedure. Accordingly, he cannot avoid the PLRA exhaustion requirement. (ECF No. 54).

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607. "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. at 610. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts

---

and classification to move him into an area to be assaulted again is an adequate defense to deny the Defendant's Motion for Summary Judgment." *Id*. at 8.

for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. DISCUSSION

The parties do not dispute the MCDC has a grievance procedure and Plaintiff failed to satisfy said procedure by failing to file complaints or grievance regarding the facts contained in his Third Amended Complaint.[6] (ECF No. 52, p. 7). Instead, they dispute whether MCDC officers prevented Plaintiff from exhausting said remedies or made the MCDC grievance procedure unavailable to Plaintiff. Thus, excusing Plaintiff from the PLRA exhaustion requirement.

### A. PLRA exhaustion requirements

The PLRA mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S. C. § 1997e(a) (held unconstitutional on other grounds). Exhaustion is mandatory. *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002).

The Eighth Circuit has recognized only two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures; or (2) when the officials themselves fail to comply with the grievance procedures. *See Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005) (citing *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001) (explaining a prisoner is only required to exhaust those administrative remedies that are available

---

[6] Due to the undisputed nature of these facts, the Court finds it unnecessary to enumerate the MCDC grievance procedure or the contents of Plaintiff's requests/grievance filed during the relevant time.

and any remedies that prison officials prevent a prisoner from utilizing are not considered available)).

## B. Plaintiff's claimed exception

Here Plaintiff alleges, in his verified and sworn Third Amended Complaint, he falls into exception number one, to the PLRA exhaustion requirement, because he was prevented from accessing the MCDC grievance system. (ECF No. 30, p. 4). Plaintiff stated his placement in a book-in cell and then an isolation cell prevented the necessary access to a KIOSK in order to file complaints or grievances pursuant to the MCDC procedure. *Id*. Plaintiff alleges this housing placement made the MCDC grievance procedure unavailable to him. *Id.*

Defendants presented the affidavit of the MCDC Jail Administrator, Al Landreth, in which he states: (1) "Plaintiff was allowed at least one hour out per day after the incident on March 25, 2022 [the assault], whether he was in a book-in cell or isolation cell, in which he would have been able to file a grievance;" and (2) "Plaintiff filed two requests and grievances after the date of his incident but before the date he filed his Complaint." (ECF No. 47-1, p. 2). Mr. Landreth signed this affidavit attesting: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge." *Id*. at 4. Additionally, Defendants submitted the two grievance/requests submitted by Plaintiff during his time in the isolation cell (the time between the assault on March 25, 2022 and the filing of Plaintiff's Complaint on May 14, 2022). (ECF No. 47-3, pp. 8-9).

In his Response and supporting documents, Plaintiff does not dispute he was allowed time to use the KIOSK each day, and that he filed two requests/grievances while housed in the isolation cell. (ECF No. 53, p. 4-5). This concession negates any issue of fact created by Plaintiff's

assertion in the Third Amended Complaint regarding his inability to access the KIOSK while housed in isolation.

### C. Procedural requirements

Next, in his Response to Defendants' Joint Motion for Summary Judgment and Statement of Disputed Facts, Plaintiff makes extensive factual allegations regarding the threats and coercion of MCDC officers which prevented him from filing complaints and grievances specific to the facts alleged in his Third Amended Complaint. (ECF Nos. 52-53). However, neither of these documents are sworn under penalty of perjury, nor does either document attest to the truth or correctness of the statements contained therein.[7] *Id.*

In their Reply, Defendants argue Plaintiff has failed to satisfy Federal Rules of Civil Procedure and put forth admissible evidence to create an issue of fact regarding the unavailability of the MCDC grievance procedure to him. The Court agrees.

Federal Rule of Civil Procedure 56 governs Motions for Summary Judgment. While Rule 56 does not require a formal affidavit to submit testimony as evidence, any unsworn declarations or statements submitted at summary judgment must still satisfy statutory requirements. *See Banks v. John Deere & Co.*, 829 F.3d 661, 668 (8th Cir. 2016). Pursuant to 28 U.S.C. § 1746, an unsworn declaration or statement must be written, signed, dated, and certified as true and correct "under penalty of perjury." The Eighth Circuit, while allowing *pro se* pleadings to be construed liberally, does not allow a free pass on procedural requirements in this instance. *See, e.g., Risdal v. Nixon,*

---

[7] While Plaintiff did submit a sworn Declaration in which he declares statements as true under the penalty of perjury, none of the factual allegations relating to Plaintiff's inability to grieve the facts related to his assault are included in this Declaration. (ECF No. 53-1). Instead, all the facts related to Plaintiff's inability to access the grievance system at the MCDC were asserted in his unsworn Response (ECF No. 52) and Statement of Disputed Facts. (ECF No. 53).

9

589 Fed.Appx.801, 803 (8th Cir. 2014) (finding the district court erred in considering the plaintiff's unsworn statements in denying the defendant's motion for summary judgment).

Additionally, Plaintiff was advised of these rules and requirements prior to filing his Response. Specifically, the Court explained in its Order directing Plaintiff respond to Defendants' Joint Motion for Summary Judgment:

> At the summary judgment stage, a plaintiff can not rest upon mere allegations and, instead, must meet proof with proof. See Fed. R. Civ. P. 56(e). This means the Response must include legal arguments, as well as affidavits, prison records, or other evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial. The affidavit must be based upon the personal knowledge of the person executing the affidavit and must be either: (sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746.

(ECF No. 48) (emphasis in original). Accordingly, the Court is unable to consider Plaintiff's factual assertions made in his unsworn Response and Statement of Disputed Fact to create an issue of fact here.

As the parties do not dispute Plaintiff failed to exhaust the MCDC grievance procedure (ECF No. 52, p. 7), and the Court cannot consider Plaintiff's factual allegations made in his Response and Statement of Disputed Fact as creating issues of fact to the availability of the MCDC grievance procedure to Plaintiff, Defendants are entitled to summary judgment on the issue of exhaustion as a matter of law.

## IV. CONCLUSION

For the reasons stated above, I recommend Defendants' Joint Motion for Summary Judgment (ECF No. 45) be **GRANTED** and Plaintiff's Third Amended Complaint be dismissed **WITHOUT PREJUDICE**.[8]

---

[8] Claims that are dismissed for failure to exhaust administrative remedies should be dismissed without prejudice. *See Langford v. Norris*, 614 F.3d 445, 457 (8th Cir. 2010).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 12th day of December 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

11